UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID M. GRIPP                                                     PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:13CV-873-S

JIM KING                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff David M. Gripp filed a *pro se* complaint against Jim King on a general-complaint form. As grounds for filing this action in federal court, Plaintiff states, "I have not been Paid. Contracts and Banking." As his statement of claim, Plaintiff states, "Well Jim King has not sign off of or has not called me to handel My Bisness with my local comress and others." Plaintiff seeks the following relief: "Get me paid in full and Also my contracts from city and states of madjisty."

Rule 8 of the Federal Rules of Civil Procedure provides, in part, that "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the grounds for the court's jurisdiction . . . . " Fed. R. Civ. P. 8(a)(1). Without jurisdiction, courts have no power to act. *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *abrogation on other grounds recognized by Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 798 (6th Cir. 2012) ("The jurisdiction of federal courts is defined by Article III of the United States Constitution and by acts of Congress."), *cert. denied*, 133 S. Ct. 933 (2013).

Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606-07; *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination."). "[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 607. "'The plaintiff bears the burden of establishing subject matter jurisdiction over a claim.'" *S. Rehab. Grp., P.L.L.C. v. Sec'y of Health & Human Servs.*, 732 F.3d 670, 680 (6th Cir. 2013) (quoting *Shea v. State Farm Ins. Co.*, 2 F. App'x 478, 479 (6th Cir. 2001) (per curiam)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under the federal-question statute, codified at 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff does not specify any cause of action arising under the Constitution, laws, or treaties of the United States, and based on the scant facts alleged in the complaint, the Court can discern no federal cause of action establishing this Court's federal-question jurisdiction.

Additionally, to the extent Plaintiff may be attempting to assert a state-law contract claim, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because Plaintiff alleges neither the requisite amount in controversy, *see* § 1332(a) (providing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), nor that he and Defendant are diverse in citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,

373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").

For the foregoing reasons, the Court finds that it lacks jurisdiction over Plaintiff's complaint and will enter a separate Order dismissing this action.

Date: November 18, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendant
4411.005